AUDREY STRAUSS
United States Attorney for the
Southern District of New York
By: Samuel L. Raymond
Assistant United States Attorney


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
UNITED STATES OF AMERICA,                :
                                         :
                     Plaintiff,          :
                                         :   VERIFIED COMPLAINT
         - v -                           :
                                         :
$3,800,000 in United States              :   21 Civ.
Currency,                                :         ____
                                         :
                     Defendant *in rem*. :
                                         :
----------------------------------------X

Plaintiff United States of America, by its attorney, AUDREY STRAUSS, United States Attorney for the Southern District of New York, for its Verified Complaint alleges, upon information and belief, as follows:

**I. Jurisdiction and Venue**

1.   This is a civil action *in rem* commenced by the United States of America seeking forfeiture of $3,800,000 (the "Defendant Funds").  The Defendant Funds are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) as property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1341.

2.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

3.    Venue is proper pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture took place within the Southern District of New York.

4.    The Defendant Funds are presently in the custody of the United States Marshals Service, Southern District of New York.

## II.   Background

5.    In 1988 and at all times relevant to the conduct described herein, New York State enacted laws (Executive Law, Article 15A (NY CLS Exec. §§ 310-316)) and regulations (5 NYCRR §§ 140-144) to increase opportunities for minority and women-owned business enterprises in State-funded construction projects ("MBEs," "WBEs," and the "MBE/WBE Provisions"). An MBE is an entity that is at least fifty-one percent (51%) owned by one or more socially and economically disadvantaged individuals and whose management and daily business operations are controlled by at least one of the socially and economically disadvantaged individuals who owns it. To be certified, MBEs and WBEs must be capable of performing the construction work they purport to perform, and once certified, MBEs and WBEs must actually perform the work subcontracted to them.

6.    To increase opportunities for MBE/WBEs, State agencies that are parties to State-funded construction projects must

establish participation goals (the "MBE/WBE Goal"). General contractors awarded State-funded construction contracts are required to submit plans for achieving the MBE/WBE Goal, known as the "utilization plan," and compliance reports to indicate compliance with the plan to meet the MBE/WBE Goal established for their project. A general contractor's failure to meet the MBE/WBE Goal or to demonstrate a good faith attempt to do so may result in disqualification from a project.

7.   In or about 2008, the Metropolitan Transit Authority ("MTA") – a "state agency" for purposes of the MBE/WBE Provisions – initiated a construction project on the Bronx-Whitestone Bridge (the "Bridge Project"). MTA set an MBE/WBE Goal on the Bridge Project of 7% participation by MBEs and 3% by WBEs, for a total of 10%.

8.   On or about October 23, 2008, Conti of New York, LLC ("CNY") was awarded a contract on the Bridge Project.

### III. Probable Cause for Forfeiture

9.   The Defendant Funds represent a substitute *res* for proceeds obtained as a result of the use of a certified Minority-Owned and Woman-Owned Business Enterprise ("Company-1") as a pass through, in order to obtain credit toward MBE/WBE Goals on construction projects for work that Company-1 did not, in fact, perform.

10.   During the period ending no later than 2010, CNY stated, in utilization forms and compliance reports, that certain construction materials would be supplied by "Company-1", but those certain materials were not provided by Company-1.   Instead, Company-1 was used as a pass through to meet the Bridge Project MBE/WBE Goal.

11.   CNY received proceeds of $8,000,000 as a result of the above-described conduct in the course of the Bridge Project, of which $4,200,000 has since been paid to replacement MBE/WBE companies, and $3,800,000 – the Defendant Funds - constitute a substitute *res* for proceeds of the offense that remained in the possession, custody, and control of CNY.

12.   On or about May 20, 2021, CNY entered into a Nonprosecution Agreement (the "NPA") with the United States with respect to its participation in the conduct described above. Pursuant to the NPA, CNY transferred the Defendant Funds to the United States in the Southern District of New York as a substitute *res* for funds received by CNY in the course of the above-referenced conduct and has agreed not to contest the forfeiture of the Defendant Funds.

## IV.  Claim for Forfeiture

13.   The Defendant Funds are subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C).

14.   Title 18, United States Code, Section 981(a)(1)(C) subjects to forfeiture "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense."

15.   "Specified unlawful activity" is defined in 18 U.S.C. § 1956(c)(7) to include any offense under 18 U.S.C. § 1961(1). Section 1961(1) lists mail fraud (18 U.S.C. § 1341) as an offense.

16.   By reason of the above, the Defendant Funds are subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C).

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendant Funds and that all persons having an interest in the Defendant Funds be cited to appear and show cause why the forfeiture of the Defendant Funds

to the United States of America for disposition according to law.


Dated:     White Plains, New York
           June 8, 2021


                         AUDREY STRAUSS
                         United States Attorney for
                         Plaintiff United States of America



           By:

                         Samuel L. Raymond
                         Assistant United States Attorney
                         (212) 637-6519

<u>VERIFICATION</u>

STATE OF NEW YORK                                    )
COUNTY OF NEW YORK                               :
SOUTHERN DISTRICT OF NEW YORK          )


      DANIEL HELZNER, being duly sworn, deposes and says that he is a Special

Agent with the United States Department of Transportation, Office of the Inspector General

("USDOT-OIG") and as such has responsibility for the within action; that he has read the

foregoing complaint and knows the contents thereof, and that the same is true to the best of his

own knowledge, information and belief.

      The sources of deponent's information and the grounds for his belief are

conversations with other law enforcement officers and others, official records and files of the

USDOT-OIG and the United States Government, and information obtained directly or indirectly

by deponent during an investigation of alleged violations of Title 18 of the United States Code.


Daniel Helzner
Special Agent
United States Department of Transportation,
   Office of the Inspector General


Sworn to before me this 28
day of May            , 2021

NOTARY PUBLIC

FRANK J ECKMAN
Notary Public - State of New York
No. 01EC6400480
Qualified in Orange County
My Commission Expires Jan. 06, 2024